IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TERRY ALLEN SMITH,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>C/O KAREN HORSWELL, C/O BRUCE MILLER, and ASS. WARDEN JIM SOLEMONSON,<br><br>　　　　Defendants. | CV 20-00045-H-DLC-JTJ<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Terry Smith filed a Motion to Proceed in Forma Paupers (Doc. 1) and a proposed Complaint pursuant to 42 U.S.C. § 1983 alleging his procedural due process rights were violated while he was incarcerated at Montana State Prison (Doc. 2.) The motion for leave to proceed in forma pauperis will be granted but the Complaint fails to state a claim and should be dismissed.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Smith's Motion to Proceed in Forma Pauperis and account statement are sufficient to make the showing required by 28 U.S.C. § 1915(a). (Docs. 1, 6.) The request to proceed in forma pauperis will be granted.

## II. STATEMENT OF THE CASE

### A.　Parties

Mr. Smith was a state prisoner incarcerated at Montana State Prison

1

("MSP") in Deer Lodge, Montana at the time he filed his Complaint. He has now been released on parole. (Notice of Change of Address, Doc. 3.) He is proceeding without counsel.

Mr. Smith names the following Defendants: Correctional Officers Karen Horswell and Bruce Miller and Assistant Warden Jim Solemonson. (Complaint, Doc. 2 at 2-3.)

**B. Allegations**

Mr. Smith contends he tried to send out 40 Komp Grounds of America ("KOA") key fobs and other completed hobby projects out of MSP. He claims the property was worth about three thousand dollars. Defendant Karen Horswell confiscated the entire hobby package because of the KOA key fobs. Mr. Smith claims this confiscation denied him due process because an inmate property form was not filled out, he was not given a confiscation letter, and he was not given a write-up until three weeks after his property and hobby permit were taken. On November 27, 2019, he was given what he characterizes as a "kangaroo court hearing" and found guilty.

Mr. Smith claims that the hearings officer told him she had to find him guilty because the last time they dismissed or dropped one of Defendant Horswell's write-ups, they almost lost their jobs because Horswell's husband is Bruce Miller who has "a lot of pull" around MSP. Mr. Smith claims the hearings

officer told him that he should have never received the write-up and his property should not have been taken. (Doc. 2 at 12.)

Mr. Smith appealed the disciplinary write-up, but his appeal was denied on December 24, 2019.

### III. SCREENING STANDARD

Mr. Smith was a prisoner at the time he filed his Complaint and he is proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the

claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2).  That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line.  *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662.  First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim.  *Id.* at 679, 681.  A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability.  *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief.  *Iqbal*, 556 U.S. at 679.  A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).  If the

4

factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]" — "that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)). "A document filed *pro se* is 'to be liberally construed," and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## IV. SCREENING ANALYSIS

Mr. Smith brings his claims under the Fifth and Fourteenth Amendments to the United States Constitution. The Fifth Amendment provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. Amend. V. Mr. Smith's property was not taken for public use and as such the Fifth Amendment is not applicable to these facts. His claims will therefore be analyzed under the Fourteenth Amendment.

The Due Process Clause of the Fourteenth Amendment of the United States Constitution provides "No State shall . . . deprive any person of . . . property, without due process of law." U.S. Const. amend. XIV, § 1. This Amendment protects inmates from being deprived of property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause. *See Hudson*

*v. Palmer*, 468 U.S. 517, 532, n.13 (1984); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). "A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ.*, 149 F.3d 971, 982 (9th Cir. 1998). Inmates have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). Mr. Smith has sufficiently alleged a deprivation of a property interest.

He has not, however, established a denial of adequate procedural protections. A temporary deprivation of personal property does not constitute a violation of a prisoner's due process rights unless the prisoner can show the deprivation imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," causing actual harm to the inmate. *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). Moreover, although prisoners have a protected property interest in their personal property, authorized property deprivations are permissible if conducted pursuant to a regulation that is reasonably related to a legitimate penological interest. *See Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974); *Turner v. Safley*, 482 U.S. 78, 89, 107 (1987).

Mr. Smith was deprived of his property presumably because it violated prison policy. He was provided adequate process in that he had a disciplinary hearing and was found guilty. He fails to sufficiently allege a procedural due

6

process claim because he admits he was provided a disciplinary hearing regarding the property at issue by which he could have contested the decision to deem the KOA key fobs unauthorized. Because this process was available, his contention that he was denied due process necessarily fails.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Smith's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 2).

3. At all times during the pendency of this action, Mr. Smith must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED for failure to state a claim.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this

dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Smith's allegations fail to state a claim.

    4.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Smith may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 8th day of October, 2020.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C)(mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)"  Therefore, since Mr. Smith is being served by mail, he is entitled an additional three days after the period would otherwise expire to file his objections.